IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HAROLD SPILLERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:11-CV-324 (MTT) |
| CRAWFORD COUNTY, GEORGIA, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER

This matter is before the Court on the Motion for Attorney's Fees of Defendants Crawford County and Kerry Dunaway (the "County Defendants"). (Doc. 24). Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees must be made no later than 14 days after the entry of judgment, specify the basis for the award, and state the amount sought. Here, the Motion was timely filed, and the County Defendants seek attorney's fees pursuant to 42 U.S.C. § 1988 in the amount of $9,371.25.

Pursuant to section 1988, "[i]n any action or proceeding to enforce a provision of sections … 1983, 1985, and 1986 …, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…." 42 U.S.C. § 1988(b). The Supreme Court has recently held that because of the different equitable considerations for prevailing defendants, section "1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that

the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Fox v. Vice*, __ U.S. __, 131 S. Ct. 2205, 2213 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  However, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.  The Eleventh Circuit has identified three non-exhaustive factors to consider in determining whether a claim is frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (citations omitted).  These factors are "general guidelines only, not hard and fast rules," and "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Id.*

Although consideration of the *Sullivan* factors arguably weighs in favor of a finding of frivolity, the Court is satisfied that that these factors alone do not paint an accurate picture of the merit of the Plaintiff's claims.  The Plaintiff's claims arose from the events leading up to and including his arrest and subsequent prosecution and conviction in Crawford County Superior Court for the offense of false swearing.[1]  The Georgia Court of Appeals later overturned the Plaintiff's conviction after concluding the Plaintiff lacked the requisite criminal intent to support his conviction. *See Spillers v. State*, 299 Ga. App. 854, 857, 683 S.E.2d, 903, 906 (2009).  As a result of the charges

---

[1] For a complete discussion of the facts giving rise to this case, see the Court's Order entered November 28, 2011.  (Doc. 22).

brought against the Plaintiff, he was removed from office as a Crawford County Commissioner.  On August 21, 2011, the Plaintiff filed his complaint in this Court alleging the Defendants violated sections 1983, 1985, and 1986, and asserting state law claims for false arrest, malicious prosecution, intentional infliction of emotional distress, and slander.

The Defendants, which in addition to Crawford County and Kerry Dunaway included Howard Simms and Myra Hutchinson, filed motions to dismiss, which this Court granted in part and denied in part.  In its Order on the Defendants' motions to dismiss, the Court dismissed all federal law claims over which it had original jurisdiction, and then declined to exercise supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).  (*See* Doc. 22).  Relevant to this Order are the Plaintiff's claims against the County Defendants and the Court's assessment of their relative merit.  In granting the County Defendants' motion to dismiss, the Court relied upon principles of sovereign and qualified immunity and the general pleading requirements enunciated in *Twombly* and *Iqbal*.  As a whole, the overarching defect in the Plaintiff's complaint was its lack of specificity.  Although the Plaintiff alleged the basic facts which underlay his claims, he failed to include sufficient factual detail to "permit the [C]ourt to infer more than the mere possibility of misconduct."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

Despite these, in the end, significant shortcomings, the Court is not prepared to dismiss the Plaintiff's complaint as "frivolous, unreasonable, or without foundation." Although certain of the Plaintiff's claims were more plausible than others, the Court's

detailed treatment of the issues raised in the Plaintiff's complaint, culminating in a 21 page opinion, is evidence that the Plaintiff's claims were not so lacking in arguable merit as to be groundless.  *See Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980) (holding that even the plaintiff's allegations that were properly dismissed for failure to state a claim deserved and received careful consideration and were "definitely not meritless in the *Christiansburg* sense").  Thus, while the Plaintiff's claims against the County Defendants were ultimately dismissed, based on what little factual detail the Plaintiff did provide, the Court is not persuaded that the Plaintiff's grounds for bringing suit were entirely unreasonable.  *See id.* at 15.

Accordingly, following the Eleventh Circuit's instruction that determinations of frivolity be decided on a case-by-case basis, the Court, in its discretion, finds that the County Defendants are not entitled to an award of attorney's fees pursuant to section 1988.  The County Defendants' Motion for Attorney's Fees is **denied**.

**SO ORDERED,** this 20th day of December, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT